**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 25-22211 (JNP) |
| LILLIE MARIE COLEY, | Chapter 7 |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

## OPINION SUSTAINING TRUSTEE'S OBJECTION TO
## DEBTOR'S EXEMPTIONS

Andrew Sklar, the Chapter 7 Trustee, (the "Trustee"), filed an objection, (the "Objection"), to the exemptions claimed by Lillie Marie Coley, (the "Debtor"), on her amended schedule C filed March 2, 2026 (the "Scheule"). Dkt. Nos. 90, 72. The Debtor filed a response, (the "Response"), on March 24, 2026. Dkt. No. 103. For the following reasons, the Objection will be sustained, and the Debtor's exemptions will be disallowed without prejudice to the Debtor filing an amended Schedule C.

### Background

On November 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Dkt. No. 1. The Debtor's Schedule claims as exempt under section 522(d)(5): (a) $31,575 of equity in her property located at 9 Patriot Walk, Egg Harbor Township, New Jersey (the "Property"); and (b) $1,475 in a pending avoidance action (the "Avoidance Action"). Dkt. No. 72. The Objection argues that the exemptions should be denied because the maximum exemption permitted under section 522(d)(5) is $17,475. Dkt. No. 90. The Objection also notes that the equity in the Property may not be exempted pursuant to section 522(d)(1) (known as the "homestead exemption"), because the Property is not the Debtor's primary residence. The Response acknowledges that there is a statutory cap of $17,475 under section 522(d)(5) and then raises several arguments which are

1

not relevant to the Objection. Dkt. No. 103. The Debtor filed a second, untimely response (the "Untimely Response"), which reiterates many of the same arguments, and raises additional arguments, none of which are relevant to determining the validity of the Debtor's claimed exemption. Dkt. No. 119. The Trustee replied to the Untimely Response noting that, beyond the arguments being based on flawed legal reasoning or misunderstanding of the law, none of the arguments made by the Debtor are relevant. Dkt. No. 120. Pursuant to the District of New Jersey Local Bankruptcy Rule (the "Local Rule") 9013-3(d)(2), the Court is not required to hold a hearing to consider the Objection.

## Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b) as well as the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended. Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## Discussion

Where the language of a statute is plain, the plain meaning controls. Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d Cir. 2011). In this case, the language of section 522(d)(5) is plain, and the Debtor does not dispute that it limits her to a maximum exemption of $17,475 of equity in any given property. Therefore, the Trustee's objection is sustained, and the Debtor's exemption is disallowed. The Debtor is free to file an amended schedule C to exempt property in compliance with the statutory requirements of section 522(d).

While the Debtor does not dispute that the statute limits her exemption to $17,475 of equity in any given property, she raises several additional arguments which are not relevant to the Objection. The Court reviews these arguments for the sake of thoroughness.

2

The Debtor reserves her rights to the proper allocation of exemptions, the valuation of the Property, and related issues, all of which may be relevant at some point in the future but do not alter this decision. Dkt. No. 103. The Debtor then argues that liquidation of the Property would not benefit the estate and is not in the best interest of creditors and requests that this court deny any relief that would permit unnecessary liquidation of the Property. However, there is no motion before the Court to sell or liquidate any property of the estate, so this argument is not relevant to this decision. The Debtor next argues that conversion to Chapter 13 is appropriate, however, there is no pending motion to convert, and moreover, the Court has already ruled on this issue, and that decision is currently on appeal before the District Court. As such, in addition to not being relevant to this decision, this Court does not have jurisdiction to rule on the issue of conversion. See In re G-I Holdings, Inc., 568 B.R. 731, 763 (Bankr. D.N.J. 2017) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (Generally, a notice of appeal divests the lower court of jurisdiction over those matters on appeal.)) Therefore, none of these arguments are relevant or appropriate to this decision.

The Untimely Response raises the additional argument that the Property is currently under a rent-to-own contract, but there is no sale pending. Dkt. No. 119. Like the Debtor's other arguments, this is not relevant to whether the Debtor's claimed exemption exceeds the statutory cap.

## Conclusion

The Objection will be sustained, the Debtor's exemption is disallowed, without prejudice to the Debtor filing amended exemptions, and the Debtor's remaining arguments are overruled as not relevant to the issue before the Court.

Dated: May 4, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

3