UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 25-22211 (JNP) |
| LILLIE MARIE COLEY, | Chapter 7 |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

## OPINION DENYING THE DEBTOR'S MOTION TO COMPEL ABANDONMENT

Lillie Marie Coley (the "Debtor"), filed a motion (the "Motion") to compel Andrew Sklar, the Chapter 7 Trustee, (the "Trustee"), to abandon certain claims, (the "Claims"), related to the distribution of proceeds from the sale of the property located at 630 Erial Road, Blackwood, NJ (the "Property"). Dkt. No. 88. Kenneth Winters ("Winters") and Lise Fisher ("Fisher," and, together with Winters, the "Creditors") both filed objections (the "Objections"). Subsequently, the Trustee filed a notice of proposed abandonment (the "Notice of Abandonment") of the Claims. Dkt. No. 108. As such, and for the reasons discussed below, the Motion is denied as moot.

### Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b) as well as the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended. Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### Discussion

On November 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Dkt. No. 1. On December 1, 2025, the Debtor filed an adversary proceeding (the "Adversary Proceeding"), against several parties, including the Creditors, seeking recovery of certain assets

1

pursuant to sections 544, 548 and 550 of the Bankruptcy Code. Adv. Pro. 25-2500, Dkt. No. 1. The Adversary Proceeding forms the basis of the Claims which are the subject of this Motion. On March 10, 2026, this Court entered a decision (the "Decision") and order dismissing the Adversary Proceeding on the basis that the Debtor lacked standing to pursue these claims because they belonged to the estate, and that the claims are barred by collateral estoppel, among other grounds. Dkt. Nos. 54, 55. That decision is currently on appeal before the District Court.

The Debtor filed this Motion, arguing that because the Trustee had not yet filed an adversary proceeding to pursue these claims on behalf of the estate, they should be abandoned to the Debtor to allow her to pursue them. Dkt. No. 88. The Objections seek denial of the Motion, or in the alternative, that any order of abandonment include a provision barring the Debtor from bringing the Claims in this or any other court, because the court has already ruled the Claims are barred by collateral estoppel. Dkt. Nos. 97, 99. Pursuant to the District of New Jersey Local Bankruptcy Rule (the "Local Rule") 9013-3(d)(2), the Court is not required to hold a hearing to consider the Motion.

The Notice of Abandonment was filed on March 25, 2026, and objections were due no later than April 21, 2026. Dkt. No. 108. Because that deadline passed without an objection being filed, the Claims have been abandoned pursuant to the Notice of Abandonment. Therefore, the Motion has been rendered moot.

Although the Motion will be denied as moot, for the sake of thoroughness, the Court will address the Creditors' request that the abandonment order include a provision barring the Debtor from bringing any action based on the Claims in the future. The Court does not have the authority to grant such a request, because once an asset has been abandoned, the Court ceases to have any jurisdiction over that property. In re Wilton Armetale, Inc., 618 B.R. 424, 436 (Bankr. E.D. Pa. 2020) (citing Collier at ¶ 554.02) (Abandonment constitutes a divesture of all of the estate's

2

interests in the property and ends the court's jurisdiction to determine disputes concerning that property.)

This is because "[w]here an asset has been abandoned by the Trustee, that asset is no longer a part of the bankruptcy estate." In re VonGrabe, 332 B.R. 40, 43–44 (Bankr. M.D. Fla. 2005) (quoting In re Bray, 288 B.R. 305, 307 (Bankr.S.D.Ga. 2001)) (citation omitted). This holds equally true for civil actions. Generally, bankruptcy courts should not exercise jurisdiction over civil proceedings where the outcome does not affect the bankruptcy estate. In re Scott, 607 B.R. 211, 225 (Bankr. W.D. Pa. 2019) (citing Jacobs v. Jacobs (In re Jacobs), 401 B.R. 202, 206 (Bankr. D. Md. 2008); contra United States Dep't of Agric., Rural Hous. Serv. (In re Huff), 343 B.R. 136, 140 (W.D. Pa. 2006)). Therefore, courts have found that once property such as a claim against third parties is abandoned the bankruptcy court has no jurisdiction to determine such disputes because the outcome of such claims cannot impact the estate. See In re Dewsnup, 908 F.2d 588, 590 (10th Cir. 1990), aff'd 502 U.S. 410, (1992) (abandoned property is "not property administered by the estate." (emphasis in original)); In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987) (bankruptcy court lacked jurisdiction to adjudicate claims regarding abandoned property); In re Faloye, 459 B.R. 865, 868 (Bankr. N.D. Ga. 2011) (court had no subject matter jurisdiction over debtor's adversary proceeding after trustee abandoned all assets; proceeding would have no conceivable effect on the bankruptcy estate); In re Dircks, 329 B.R. 687, 692 (Bankr. C.D. Ill. 2005) (any result of the adversary proceeding would have no conceivable effect on the bankruptcy estate because the trustee abandoned the debtor's claims specifically and through the filing of a report of no assets and no distribution); In re Conway, 1994 WL 617253, at *2 (Bankr. E.D. Cal. June 24, 1994) (after trustee abandoned all property, decision whether the IRS should refund certain money to debtor would have no impact on the estate and distributions to creditors). As such, because the Claims have been abandoned, the Court does not have jurisdiction to limit the Debtor's attempts to pursue

3

the Claims just as it does not have jurisdiction to hear and decide the Claims. Of course, all of the

Creditors' rights are reserved if the Debtor attempts to pursue the Claims in another venue.

## Conclusion

The Motion is denied as moot because the Property has been abandoned by the Trustee and

therefore is no longer property of the estate.

Dated: May 4, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

4