**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 25-22211 (JNP) |
| LILLIE MARIE COLEY, | Chapter 7 |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

## OPINION GRANTING IN PART, AND DENYING IN PART, TRUSTEE'S MOTION FOR TURNOVER

Andrew Sklar, the Chapter 7 Trustee, (the "Trustee"), filed a motion (the "Motion"), seeking an order requiring Lillie Marie Coley (the "Debtor") to turnover certain documents related to assets listed on the Debtor's schedules. Dkt. No. 107. The Debtor filed opposition, (the "Opposition"). Dkt. No. 123. For the following reasons, the Motion will be granted in part, and denied in part.

### Background

On November 17, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Dkt. No. 1. Schedule A attached to the Petition, (the "Schedule"), listed ownership of property located at 9 Patriot Walk, Egg Harbor Township, New Jersey (the "Property"), which is listed as having a value of $350,000, but the Schedule indicates the Debtor owns only $100 of that value. Id. Further amended schedules state that the Property is owned by the Lillie's Properties Trust, (the "Trust") which the Debtor holds a beneficial interest in, as well as revealing the Debtor's ownership of a timeshare known as Vistana Resorts, (the "Timeshare") which is listed as having a value of $18,000. Unsealed Document linked to Dkt. No. 18. However, on November 26, 2025, the Debtor filed a further amended schedule A (the "Amended Schedule"), in which the Debtor claimed full ownership of all $350,000 of value in the Property, as well as Dkt. No. 20.

1

The Motion indicates that the Debtor transferred ownership of the Property to the Trust and attached a copy of the deed transferring the Property. Dkt. No. 107. The Motion seeks an order requiring the Debtor to turnover certain documents related to the Property, the Timeshare, and the Trust, including copies of the deeds, documentation related to mortgage balance owed and other liens against the assets, and the trust documents, which the Trustee states he has asked for repeatedly, but has been refused. Id. The Motion seeks these documents from both the Debtor personally, and in her capacity as trustee for the Trust. Id.

The Debtor's response, (the "Opposition"), acknowledges that the Debtor has a duty to turn these documents over, but argues that she will only do so under certain conditions. Dkt. No. 123. The Opposition argues however, that any demand for turnover under section 542 from a non-debtor party, such as the trustee of the Trust, requires an adversary proceeding, and cannot be made via motion. Id.

The Trustee responds by arguing that the Debtor has repeatedly filed documents under oath claiming to be the 100% owner of the Property. Dkt. No. 125 (citing Dkt. No. 72). The Debtor argues in response that her schedules do not resolve the issue of ownership of the Property, and again seeks certain conditions prior to turning over any documentation. Dkt. No. 129. Pursuant to the District of New Jersey Local Bankruptcy Rule (the "Local Rule") 9013-3(d)(2), the Court is not required to hold a hearing to consider the Motion.

### Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b) as well as the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended. Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

2

## Discussion

The Debtor has a duty to "surrender to the trustee all property of the estate and recorded information, including books, documents, records and papers, relating to property of the estate." In re Whittick, 547 B.R. 628, 634 (Bankr. D.N.J. 2016) (quoting 11 U.S.C. § 521(a)(4)). "If the debtor fails to cooperate, the trustee may seek turnover of estate property" pursuant to section 542. Madatian v. Goldman (In re Madatian), 2019 Bankr. LEXIS 372, at *11 (B.A.P. 9th Cir. 2019) (citing Collect Access LLC v. Hernandez (In re Hernandez), 483 B.R. 713, 720 (B.A.P. 9th Cir. 2012)).

"Section 542(e) provides that subject to any applicable privilege, the court may order an accountant or attorney to turn over or disclose recorded information relating to "debtor's property or financial affairs . . . to the trustee." In re Am. Metrocomm Corp., 274 B.R. 641, 651 (Bankr. D. Del. 2002) (citing 11 U.S.C. § 542(e)) (emphasis added). "Anyone, including the debtor, who has recorded information about estate property or debtor's financial affairs can be ordered to turn it over." Rupp v. Auld (In re Auld), 561 B.R. 512, 515 (B.A.P. 10th Cir. 2017)); see also, In re Dawson, 587 B.R. 327, 328–29 (Bankr. W.D. Mich. 2018) (trustee has the right to compel debtors to turnover non-privileged documents related to the debtor's financial affairs). "Whether the documents constitute property of the estate is irrelevant to the analysis under § 542(e)—the documents must only relate to estate property or the debtor's financial affairs." In re VeroBlue Farms USA, Inc., 2025 WL 1156563, at *4 (Bankr. N.D. Iowa Apr. 18, 2025) (citing Faulkner v. Kornman (In re Heritage Org., LLC), 350 B.R. 733, 739 (Bankr. N.D. Tex. 2006) ("[D]ocuments which are not property of the estate may still be subject to turnover under Section 542(e) if they relate to the debtor's property or financial affairs, subject to any claim of privilege."); Grant, Konvalinka & Harrison, PC v. Banks (In re McKenzie), 716 F.3d 404, 419 (6th Cir. 2013) ("[A]n action for turnover under § 542(e) does not require that the information be property of the estate.");

3

Am. Metrocomm Corp. v. Duane Morris & Heckscher LLP (In re Am. Metrocomm Corp.), 274 B.R. 641, 652 (Bankr. D. Del. 2002) ("whether the [files] constitute property of the estate is irrelevant to the Court's determination of whether turnover is proper under § 542(e)."); Auld, 561 B.R. at 521 ("In short, § 542(e) requires production or turnover of recorded information that relates to debtor's property or financial affairs, whether the recorded information is property of the estate or not."). Courts have ruled that "the phrase 'relating to the debtor's property or financial affairs' should be broadly interpreted." Id. (quoting In re Heritage Org., 350 B.R. at 740 (emphasis added)).

The Debtor appears to concede this, stating in the Opposition that she "acknowledges that . . . a dispute over title does not relieve her of the duty to produce documents relating to her property and financial affairs under [section 521(a)(4)]." Dkt. No. 123. The Debtor states that she is willing to produce the documents, under conditions including, among others, that such production does not constitute a waiver of her right to contest any avoidance action brought and that no adverse inference arises from the Debtor's inability to produce any document. Id. However, as the Debtor's own Opposition and the statutory and caselaw above make clear, the Debtor has an affirmative duty to turn these documents over subject only to privilege claims. 11 U.S.C. § 542(e). As such, the Debtor is not permitted to subject turnover of documents to any other conditions, including those demanded in the Opposition, and therefore, the Debtor must turnover all documents requested in the Motion that are in her possession.

However, the Opposition is correct that, in order to obtain property or documents from a non-debtor party pursuant to section 542, the Trustee is required to initiate an adversary proceeding. 5 Collier on Bankruptcy P 542.02 (16th 2026) ("A trustee must file an adversary proceeding to bring a turnover action against a nondebtor."); see also, Camall Co. v. Steadfast Ins. Co. (In re Camall Co.), 2001 U.S. App. LEXIS 17243, at *14 (6th Cir. July 31, 2001) (not for publication) (citing In re Thomas J. Perkins, Jr., 902 F.2d 1254, 1258 (7th Cir. 1990)). Although

4

there is some dispute as to whether the Debtor or the Trust owns the Property, the Motion itself states that "in fact, the Debtor transferred the [Property] to the [Trust]." Dkt. No. 107. As such, to the extent the Motion seeks documents from the Debtor in her capacity as trustee of the Trust, it is denied, without prejudice to the Trustee bringing an adversary proceeding under section 542 of the Bankruptcy Code, or pursuing these documents through a subpoena under Federal Rule of Bankruptcy Procedure ("Rule") 2004, which does not require the filing of an adversary proceeding.

## Conclusion

The Motion is granted in part, and the Debtor is ordered to turnover all documents sought in the Motion in her possession. The Motion is denied in part, as it relates to documents sought from the Debtor in her capacity as trustee of the Trust, without prejudice to the Trustee seeking to obtain these documents by any other method, including through either adversary proceeding under section 542 of the Bankruptcy Code, or a Rule 2004 subpoena.

Dated: May 4, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE

5