**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LILLIE MARIE COLEY,<br><br>Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7<br><br>Judge: Jerrold N. Poslusny, Jr. |

# OPINION DENYING DEBTOR'S SECOND MOTION FOR STAY PENDING APPEAL

Lillie Marie Coley (the "Debtor") filed a second motion (the "Second Stay Motion") for a stay pending appeal of this Court's Order denying the Debtor's motion seeking to convert her Chapter 7 case to Chapter 13 (the "Conversion Motion"). Andrew Sklar, the Chapter 7 trustee (the Trustee"), opposes the Second Stay Motion. Because the Debtor has not demonstrated a basis for a stay pending appeal, the Second Stay Motion will be denied.

## A. Background

On November 17, 2025 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 case. Dkt. No. 1. Shortly thereafter, the Debtor filed an adversary complaint against several lawyers, their law firms, and a title company seeking to relitigate numerous determinations by state courts that resulted in "lien(s), sanctions orders, or judgment entries" against the Debtor. Adv. No. 25-2500. Several defendants filed motions to dismiss arguing among other things, that the Debtor lacked standing. Id. Dkt. Nos. 7, 9, 25. In response, the Debtor filed the Conversion Motion. Dkt. No. 36. In that motion, the Debtor argued that under section 706(a) of the Bankruptcy Code, she has a "one-time absolute right" to convert her Chapter 7 case to Chapter 13. Dkt. No. 36.

For the reasons more fully set forth in its opinion denying the Conversion Motion, 2026 WL 682481 (Bankr. D.N.J. Mar. 10, 2026); see Dkt. No. 80 (the "Opinion"), the Court found that the Debtor failed to

satisfy her burden of proof that converting her Chapter 7 case to Chapter 13 is appropriate. Id. As discussed in the Opinion, the Debtor's conduct is atypical, and the case was not filed in good faith. See id.

On March 17, 2026, the Debtor filed a notice of appeal of the Order denying the Conversion Motion. Dkt. No. 92. On April 21, 2026, the Debtor filed her first motion for a stay pending appeal (the "First Stay Motion"), seeking an injunction to prevent the sale of 9 Patriot Walk, Egg Harbor Township, New Jersey (the "Property"), while her appeal proceeds. Dkt. No. 124. The Court entered an opinion and order denying the First Stay Motion on May 18. Dkt. Nos. 151, 152. Among the reasons the Court denied the First Stay Motion was that there was no likelihood of success, and there was no imminent risk of irreparable harm. See Dkt. No. 151.

The Second Stay Motion argues that the status of the Debtor's case has materially changed since the Court denied the First Stay Motion, including the Court's denial of the Debtor's motion to dismiss the Trustee's complaint against The Lillie's Property Trust (the "Trust"), the owner of the Property; a denial of the Debtor's objection to the proof of claim of Shawn Carter; and that her appeal has been pending longer than she anticipated. The Trustee's objection argues that nothing has changed since the Court denied the First Stay Motion. Dkt. No. 184. The Debtor's reply essentially reiterates the arguments in the Second Stay Motion. Dkt. No. 186.

The Court determined that a hearing was not necessary, see D.N.J. LBR 9013-3(d)(2), and is prepared to rule.

## B. Jurisdiction

The Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b). Venue is proper in this Court under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## C. Discussion

Bankruptcy Rule 8007(a)(1)(C) directs a party seeking an order granting an injunction while an appeal is pending (i.e., a stay) to "move first in the bankruptcy court" for such relief.

Further, Bankruptcy Rule 8007(a)(2) permits a party to move for injunctive relief "either before or after the notice of appeal is filed." The Second Stay Motion states that the appeal relates to the Order denying the Conversion Motion and the Trustee's adversary proceeding against the Trust. See Sklar v. The Lillie's Property Trust, Adv. No. 26-1206 (the "Adversary Proceeding"). Therefore, the Debtor has satisfied the procedural requirements of Bankruptcy Rule 8007.

Moving to the substance of the Motion, in In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015), the Third Circuit identified four factors to consider when evaluating a motion for a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. at 568 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). However, the first two factors of the stay analysis "are the most critical." Nken v. Holder, 556 U.S. 418, 434 (2009). Only upon satisfying those factors should the Court consider the harm to the non-moving party and the public policy implications. See Revel, 802 F.3d at 571

*1. Likelihood of Success*

In the Third Circuit, a stay applicant's likelihood of success on the merits is satisfied upon showing "a reasonable chance, or probability, of winning." Revel, 802 F.3d at 568 (quoting Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir. 2011)). Therefore, while the Debtor must show that her chances of success are "better than negligible," she need not show that it is "more likely than not" that she would win on appeal. Id. at 569 (quoting Nken, 556 U.S. at 434; Singer Mgmt., 650 F.3d at 229).

Here, the Conversion Motion raised the issue of whether the Debtor could convert her Chapter 7 case to Chapter 13. Dkt. No. 36. The "right" to convert under section 706(a) is limited by section 706(d), which requires the Debtor be eligible to be a debtor under the chapter to which

she seeks to convert. Marrama v. Citizens Bank of Mass., 549 U.S. 365, 371 (2007). In other words, a debtor may only convert her case if she has proceeded in good faith.

In the opinion denying the First Stay Motion, which is incorporated into this opinion by reference, the Court discussed numerous facts why the Debtor's case is atypical and was not filed in good faith. The Court reaches the same conclusions with regard to the Second Stay Motion.

Therefore, there is no likelihood of success, and this factor falls decidedly in favor of denying the Second Stay Motion.

*2. Irreparable Harm to the Debtor*

The Debtor must "demonstrate that irreparable injury is likely [not merely possible] in the absence of [a stay]." Revel, 802 F.3d at 569 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)) (emphasis and brackets in Revel). The Debtor "must demonstrate an injury that is neither remote nor speculative, but actual and imminent." Id. at 571 (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)). The Debtor argues that the status of the Adversary Proceeding has changed because there is now an active dispute. She also renews her argument that the Property could be marketed, sold, or transferred. Dkt. No. 176.

The Debtor has failed to show an actual and imminent irreparable injury. A sale of the Property will not cause the Debtor irreparable harm because she admits that it is not presently an asset of the bankruptcy estate, but rather an asset owned by a trust. See, e.g., Dkt. No. 149. Moreover, a responsive pleading has not been filed, and the Court recently granted the Trust an extension of time to file an answer – until October 26. See Adv. Pro. Dkt. No. 29. The Adversary Proceeding must be resolved in the Trustee's favor before he can complete a sale process. It is quite possible that the appeal will conclude prior to the Adversary Proceeding being resolved. Moreover, a review of the main case docket shows that the Trustee has not retained a realtor nor filed a sale motion. Therefore, there is no imminent threat of harm.

Moreover, as discussed in the opinion related to the First Stay Motion, the Property is presently owned by the Trust. Much of the harm the Debtor alleges would be suffered by the Trust, and therefore, is not relevant to this factor. See Revel, 802 F.3d at 568 (noting that irreparable injury suffered by the movant of a stay application is considered when evaluating the application's merits, not whether third parties have been irreparably harmed). Finally, even if the Property were sold and then the Debtor were successful on appeal, "it is quite possible [that] the District Court . . . could craft a remedy to grant the [Debtor] relief." Diocese of Camden, 2024 WL 1756015, at *5. Hence, this factor also weighs conclusively in favor of denying the Second Stay Motion.

Because the Debtor has not met her burden related to the first two factors, the Second Stay Motion is denied. Although the Court need not consider the remaining factors, see Revel, 802 F.3d at 571, it does so for the sake of completeness.

*3. Injury to the Creditors*

In considering the balance of harms between the Debtor and her creditors, the Court concludes that imposing a stay pending appeal could cause harm to creditors. Imposing a stay pending appeal would prolong the Adversary Proceeding, and any sale process that may take place if the Trustee is successful in the Adversary Proceeding. In addition, it is possible that the mortgage and property taxes associated with the Property are not being paid. Delays in paying those costs, along with the attendant penalties and interest, could impact distributions to unsecured creditors. Creditors would be harmed by the unnecessary delay to the case.

Therefore, a balancing of the harms shows that the creditors would likely suffer harm if a stay pending appeal were put in place, and this factor falls in favor of denying the Stay Motion.

*4. Public Policy*

The Debtor argues that, in addition to administrating an estate as quickly as possible, there is a public policy in "accurate dockets, reliable notice, preservation of property and litigation

rights, and meaningful appellate review." Dkt. No. 176. The Debtor asserts that there have been docketing errors in the District Court and the Third Circuit, but provides no factual support for these assertions, and therefore, the Court rejects this as a basis for a stay. The Debtor next argues that her mailing address was changed by the Bankruptcy Clerk's Office, and attaches what appears to be an envelope with an address different from the mailing address listed on her petition. That mailing originated from Adversary Number 26-1035.[1] When the plaintiff filed the complaint, he selected the Debtor's City Avenue address from the potential addresses associated with the Debtor on file with the Court. As such, that is the address used for automated service from the Clerk's Office related to that adversary proceeding. It is not a basis for a stay pending appeal.

Consequently, the public policy considerations favor denying the Second Stay Motion.

D. Additional Matters

The Debtor asserts that she has attempted to make payments to American Express on account of pre-petition debts, but the payments have not been negotiated. The Debtor states she is not asking for relief related to these payments, but that she needs time to learn why they have not been cashed. Since there is nothing related to this alleged issue presently before the Court, there is no relief for the Court to grant, and is not a basis for a stay pending appeal.

Finally, the Debtor requests alternative relief for a thirty-day "pause" for a status conference, submission of additional briefs related to the appeals, her address, docket issues, and her issue with American Express. This request is also denied. The Court: has no authority to require additional briefing on matters that are on appeal; has explained why certain documents have been delivered to the Debtor's City Avenue address; and does not have any pending matter before it in this case related to American Express.

---

[1] Debtor attaches a copy of a mailing label as Exhibit "B" to the Second Stay Motion. The first line in the upper corner of Exhibit "B" lists "25-01035" as the case from which the mailing was initiated.

E. Conclusion

The Debtor has failed to show that a stay pending appeal is appropriate. All of the applicable factors fall in favor of denying the Second Stay Motion. Furthermore, the Court finds that there exists no immediate or imminent harm to Debtor in letting the Debtor's appeal and the Adversary Proceeding proceed simultaneously.

Therefore, the Second Stay Motion will be denied.

Dated: October 14, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE